# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNAMARIE D. B.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>Defendant. | Case No. 20-cv-1943-MMA (DEB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 21]<br><br>**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>[Doc. No. 15]<br><br>**AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMMARY JUDGMENT**<br><br>[Doc. No. 18] |

On October 1, 2020, Donnamarie D. B. ("Plaintiff") filed this social security appeal challenging the denial of her application for disability insurance benefits. *See* Doc. No. 1. The Court referred all matters arising in this social security appeal to the assigned Magistrate Judge, Judge Butcher, for report and recommendation ("R&R") pursuant to Section 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1. *See* Doc. No. 8.

The parties have filed cross-motions for summary judgment. *See* Doc. Nos. 15, 18. Judge Butcher issued an R&R recommending the Court deny Plaintiff's motion for summary judgment and grant Commissioner of Social Security Kilolo Kijakazi's[1] (the "Commissioner") cross-motion for summary judgment. *See* Doc. No. 21. Plaintiff filed an objection to the R&R. *See* Doc. No. 22. Upon due consideration and for the reasons set forth below, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** Judge Butcher's R&R, **GRANTS** the Commissioner's cross-motion for summary judgment, and **DENIES** Plaintiff's motion for summary judgment.

## I. B<span style="font-variant:small-caps">ackground</span>

Seeking judicial review to challenge the denial of her application for disability insurance benefits, Plaintiff filed the present action pursuant to 42 U.S.C. § 405(g). *See* Doc. No. 1. Plaintiff moved for summary judgment, arguing the Administrative Law Judge's ("ALJ") decision was improper because "[t]he ALJ did not give a logical or rational reason for construing the evidence of loss of near acuity as a limitation on reading small print," Doc. No. 15-1 at 8,[2] and the ALJ lacked authority to hear her case because the removal provision in the statute under which the Commissioner was appointed was unconstitutional, *see id.* at 11–14. The Commissioner filed a cross-motion for summary judgment, arguing the ALJ's decision was proper because the finding regarding Plaintiff's vision was "supported by substantial evidence," Doc. No. 18 at 10, and "the unlawfulness of [a] removal provision . . . does not strip [an official] of the power to undertake the other responsibilities of his office," *id.* at 12 (citing *Collins v. Yellen*, 141 S. Ct. 1761, 1787–89, 1788 n.23 (2021)).

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. No further action needs to be taken, pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] All citations refer to the pagination assigned by the CM/ECF system.

Judge Butcher issued an R&R on the parties' cross-motions for summary judgment, in which he recommends denying Plaintiff's motion for summary judgment and granting the Commissioner's cross-motion for summary judgment. *See* Doc. No. 21 at 1. Judge Butcher found that the ALJ properly considered the medical opinions in the Administrative Record ("AR"), *see* Doc. No. 16, and the ALJ's residual function capacity ("RFC") regarding Plaintiff's vision was supported by substantial evidence. *See id.* at 4–6. Judge Butcher also found the removal provision is severable and has no impact on Plaintiff's case unless she demonstrates actual harm, which she has not. *See id.* at 4. Plaintiff now objects to Judge Butcher's R&R. *See* Doc. No. 22.

## II. Legal Standard

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to an R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

## III. Discussion

Plaintiff does not object to Judge Butcher's finding regarding the constitutionality of the removal provision. Plaintiff only objects to Judge Butcher's R&R on the grounds that "the ALJ did not reasonably explain why he selected a limitation against reading small print as opposed to the vocationally relevant description of a vision impairment—near acuity." *See* Doc. No. 22 at 2. Plaintiff argues that the medical and vocational testimony in the AR shows that Plaintiff lacks near acuity (the ability to see objects within twenty inches), obligating the ALJ to explain their less-restrictive finding of inability to read small print. *See id.* at 3–4.

1    "[A]n ALJ 'need not discuss all evidence presented to her. Rather, she must
2    explain why significant probative evidence has been rejected.'" *Kilpatrick v. Kijakazi*, 35
3    F.4th 1187, 1193 (9th Cir. 2022) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.2d
4    1393, 1394–95 (9th Cir. 1984)); *see also Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir.
5    2008) (holding an ALJ must provide "specific and legitimate reasons" for rejecting the
6    opinions of an expert witness or physician.) (quoting *Lester v. Chater*, 81 F.3d 821 (9th
7    Cir. 1995) (superseded by statute on other grounds) (internal citation omitted)); Social
8    Security Ruling 96–8p ("[i]f the RFC assessment conflicts with an opinion from a
9    medical source, the adjudicator must explain why the opinion was not adopted").

10    Plaintiff asserts that the ALJ's RFC regarding Plaintiff's vision is inconsistent with
11   physician testimony. *See* Doc. No. 22 at 2–3. However, as Judge Butcher correctly
12   concluded, the RFC does not conflict with physician testimony. *See* Doc. No. 21 at 6.
13   Dr. Chu rated Plaintiff's near acuity as "Unlimited." Doc. No 16-3 at 28. Dr. Gaeta
14   stated "[Plaintiff] does have retinopathy, but she sees, you know, her vision is adequate.
15   It may not be good for close vision, but it's good for overall vision" and did not mention
16   near acuity. Doc. No. 16-2 at 61. In fact, the AR shows Plaintiff's blurry vision
17   specifically impacts her ability to read small print without noting any issues with her near
18   acuity. *See, e.g.*, Doc. Nos. 16-14 at 15 (stating Plaintiff suffers blurred vision while
19   reading small print and that Plaintiff "complains of blurred vision OU specially [sic] for
20   small print on books or computer" but not mentioning objects or near acuity); 16-2 at 50
21   (answering the ALJ's question about blurry vision and difficulty reading small print in
22   the affirmative but not noting any issues seeing objects up close). Therefore, the record
23   reveals no probative evidence of a lack of near acuity in the testimony. As such, the ALJ
24   had no obligation to explain why he adopted a limitation that was supported by testimony
25   in the AR—difficulty reading small print—but did not adopt a limitation that was
26   unsupported by testimony in the AR—lack of near acuity.
27    Plaintiff also argues that the ALJ's RFC regarding Plaintiff's vision is inconsistent
28   with the vocational expert's testimony. *See* Doc. No. 22 at 3. Plaintiff essentially argues

that the vocational testimony showed that the inability to read small print is similar enough to a lack of near acuity that in not adopting both limitations the ALJ's finding was contradictory to the expert testimony, and the ALJ, therefore, needed to provide an explanation. *See id.*; Doc. No. 15-1 at 8–10. However, the testimony of the vocational expert demonstrates that the inability to read small print is distinct from a lack of near acuity. The vocational expert testified that a hypothetical person with the inability to see small print could work as an assembler or solderer, whereas a hypothetical person lacking near acuity could not work as an assembler or solderer. Doc. No. 16-2 at 76–79. Given this distinction, the ALJ did not reject probative evidence or contradict the vocational expert's testimony by adopting a small print limitation but not a near acuity limitation. Accordingly, the ALJ had no obligation to spell out his reasoning for adopting the former but not the latter.

The critical deficiency in Plaintiff's argument is illustrated by the ALJ's question to Plaintiff's attorney during the vocational expert's examination. When Plaintiff's attorney posed the near acuity hypothetical to the vocational expert, the ALJ asked Plaintiff's attorney to identify where in the record Plaintiff's near acuity issues were established. *See* Doc. No. 16-2 at 80. Plaintiff's attorney was unable to point to any evidence in the AR beyond "moderate blurred vision." *See id.* The inability to point to specific evidence of near acuity issues in the record demonstrates why the ALJ did not need to provide any explanation regarding the absence of a near acuity limitation in the RFC: a near acuity limitation was not supported by any evidence in the record.

In sum, the ALJ did not need to provide an explanation for not adopting a lack of near acuity limitation into the RFC because evidence of lack of near acuity was not in the record and the RFC did not contradict the medical or vocational experts' opinions.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** Judge Butcher's R&R in its entirety, **DENIES** Plaintiff's motion for summary judgment, and **GRANTS** Commissioner's cross-motion for summary judgment. The

Court further **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

      **IT IS SO ORDERED**.

Dated:  June 28, 2022

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge